FILED
CLERK OF COURT

2025 JUN 13 PM 4:55

SUPERIOR COURT
OF GUAM

## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

vs.

JOGENA ARCEO,
DOB: 01/04/2008

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CRIMINAL CASE NO. **CF0529-24**
GPD Report Nos. 24-13143/21-12998/24-13053/
24-13024/24-1860/24-13058/
24-13021/24-13072/24-12740/
24-12839

**DECISION & ORDER
RE. MOTION FOR
DE-CERTIFICATION AND
TRANSFER TO FAMILY COURT**

This matter came before the Honorable Alberto E. Tolentino on March 26, 2024, for a motion hearing. Defendant Jogena Arceo ("Defendant") was present with counsel Alternate Public Defender Brycen Breazeale. Assistant Attorney General Kathleen O'Neil was present for the People of Guam ("People"). The court held this motion hearing to address the Defendant's Motion for De-Certification and Transfer to Family Court. Finding no need for an additional evidentiary hearing, the court took the matter under advisement pursuant to Supreme Court of Guam Administrative Rule 06-001, CVR 7.l(e)(6)(A) and CR 1.1 of the Local Rules of the Superior Court of Guam. Having duly considered the parties' briefs, oral arguments, and the applicable law, the court now issues this Decision and Order **GRANTING** the Defendant's Motion for De-Certification and Transfer to Family Court.

\\

\\

## BACKGROUND

On July 29, 2024, the Defendant was charged via Indictment for the following offenses: Four Counts of BURGLARY (As a 2nd Degree Felony); Three Counts of CRIMINAL MISCHIEF TO A MOTOR VEHICLE (As a 3rd Degree Felony); THEFT (As a 3rd Degree Felony); Two Counts of CRIMINAL MISCHIEF (As a Misdemeanor); Three Counts of GRAFFITI (As a Misdemeanor); and CRIMINAL TRESPASS (As a Petty Misdemeanor). *See* Indictment (July 29, 2024).

The court scheduled this case for jury selection and trial for April 14, 2025. *See* Criminal Trial Scheduling Order (Sept. 9, 2024). However, the Defendant filed her Motion for De-Certification and Transfer to Family Court ("Motion") on March 11, 2025. The People subsequently filed its Opposition to the Motion on March 24, 2025 ("Opposition"). The court held a motion hearing on March 26, 2025, where the court and counsels found it unnecessary to set an additional evidentiary hearing to put forth formal evidence and testimony before this court can rule on the Motion. *See* Mot. Hr'g Mins. at 10:18:50–19:04AM (Mar. 26, 2025). Following the parties' arguments on the Motion, the court took the matter under advisement.

## DISCUSSION

Title 19 GCA § 5106 guides the court's decision on whether to transfer the Defendant to Family Court. The statute states in relevant part:

> (a) A child who is sixteen (16) years of age or older at the time he committed the offense for which he is charged shall automatically be charged as an adult for any act which would constitute a felony of the first or second degree along with any acts which are misdemeanors or felonies of the third degree which are part of the same scheme of criminal activity as the felony. If a child is under sixteen years of age at the time he committed the offense for which he is charged, and if the conduct would constitute an offense under 9 GCA Chapter 16 (Homicides), and if the court after full investigation deems it contrary to the best interest of such child or of the public to retain jurisdiction, the court may, in its discretion, certify such child for proper criminal

proceedings to any court which would have trial jurisdiction of such offense if committed by an adult.

19 GCA § 5106(a).

Although the Defendant was sixteen (16) years old at the time of the offenses, she was automatically charged as an adult based on the charge of BURGLARY (As a 2nd Degree Felony) along with her other misdemeanor and third-degree felony charges that are "part of the same scheme of criminal activity as the felony." 19 GCA § 5106(a). To grant her transfer to Family Court, the court must now determine, based on clear and convincing evidence, whether the best interests of the Defendant would be amenable to care, treatment, and training programs offered in the juvenile justice system. To do so, the court must balance the following factors:

(d) Notwithstanding Subsection (a) of this Section, on motion of either the prosecutor or defendant, or *sua sponte* by the Court, the complaint or indictment may be transferred to the jurisdiction of the Family Court upon a finding based on clear and convincing evidence that the best interest of the minor would be amenable to the care, treatment, and training programs available through the facilities of the juvenile court based on an evaluation of the following:

(1) the age of the minor;

(2) the history of the minor, including:
(A) any previous delinquent or criminal history of the minor;
(B) any previous abuse or neglect history of the minor; and
(C) any mental health, physical or educational history of the minor, or a combination of these factors;

(3) the circumstances of the offense, including:
(A) the seriousness of the offense;
(B) whether the minor is charged through accountability;
(C) whether there is evidence the offense was committed in an aggressive and premeditated manner;
(D) whether there is evidence the offense caused seriously bodily harm; and
(E) whether there is evidence the minor possessed a deadly weapon;

(4) the advantages of treatment within the juvenile justice system, including, whether there are facilities or programs, or both, particularly available in the juvenile system;

(5) whether the security of the public requires sentencing under Title 9, Chapter 80 of the Guam Code Annotated;

(6) the minor's history of services, including the minor's willingness to participate meaningfully in available services;

(7) whether there is a reasonable likelihood that the minor can be rehabilitated before the expiration of the juvenile court's jurisdiction; and

(8) the adequacy of the punishment or services.

In considering these factors, the court shall give greater weight to the seriousness of the alleged offense and the minor's prior record of delinquency than to the other factors listed in this Subsection.

19 GCA § 5106(d).

**(1) Age of the Minor**

As to the first factor, the court must review the age of the minor when considering whether it falls in favor of transfer to Family Court. Although the Defendant is currently seventeen (17) years old, she was only sixteen (16) years old at the time of the offenses in this case.[1] At this age, her susceptibility to influence may be less than that of a younger teenager or child. Nonetheless, this first factor weighs in favor of the Defendant's transfer to Family Court.

**(2) History of the Minor**

Under the second factor, the court must review the history of the minor, which includes the minor's: previous delinquent or criminal history; previous abuse or neglect; and mental health, physical, or educational history. *See* 19 GCA § 5106(d)(2). Notably, a minor's prior record of delinquency is a factor that the court *shall* give greater weight to compared to other enumerated factors. *See* 19 GCA § 5106(d).

Although the Defendant has a prior juvenile case, that case has since been dismissed without prejudiced; and those alleged offenses have been recharged in *this* case. Because the

---

[1] Under the Defendant's analysis of the first factor, defense counsel indicated that "Minor ARCEO was seventeen when he allegedly committed the crimes." Mot. De-Certification at 4 (Mar. 11, 2025). Despite neither party addressing this factual discrepancy, the court's record indicates that *she* was sixteen (16) years old at the time she allegedly committed the offenses.

Defendant has no prior juvenile cases, she would not have any record of treatment or counseling for such. In regards to the Defendant's educational history, the court's records indicate that she was in the eleventh grade at Southern High School and has been ordered to attend school every day while on pre-trial release.[2]

While this factor also asks the court to review previous abuse or neglect of the Defendant, along with her mental health and physical history, no record was made of either being present for the court to consider. Despite no prior criminal history, the People expressed the view that the multiple incidents in this case prove "that the Defendant is already engaged in recidivist conduct." Ppl.'s Opp'n at 3 (Mar. 24, 2025). However, the court is hesitant to review the multiple counts in *this* case as evidence of any history of the Defendant's *past* delinquency. Although multiple incidents are involved in this case, it appears that the incidents were committed either on the same day or within a short span of time of each other. Therefore, this second factor weighs in favor of the Defendant's transfer.

### (3) Circumstances of the Offense

As to the third factor, the court reviews several circumstances of the offense, such as: seriousness of the offense; whether the minor is charged through accountability; evidence of the offense being committed in an aggressive and premeditated manner; evidence of serious bodily harm; and possession of a deadly weapon. *See* 19 GCA § 5106(d)(3). Like the minor's prior record of delinquency, the court *shall* also give greater weight to the seriousness of the alleged offense compared to the other factors. 19 GCA § 5106(d).

---

[2] The court notes that defense counsel indicated that "[h]e was (booked and released) arrested and confined at Department of Youth Affairs, where he remains." Mot. De-Certification at 4. Despite neither party addressing this factual discrepancy, the court's record indicates that *she* does not remain confined at Department of Youth Affairs. Pursuant to the court's Order of Conditional Release and Appearance Bond filed August 7, 2024, the Defendant is released on house arrest with the following exceptions: coming to court hearings; meeting with defense counsel and Probation Pretrial Services; and attending religious services, emergency medical treatment, and school. *See* Order (Aug. 7, 2024).

Here, the Defendant was charged with Four Counts of BURGLARY (As a 2nd Degree Felony), which is why she was automatically certified to be charged as an adult. In addition, she was charged with: Three Counts of CRIMINAL MISCHIEF TO A MOTOR VEHICLE (As a 3rd Degree Felony); THEFT (As a 3rd Degree Felony); Two Counts of CRIMINAL MISCHIEF (As a Misdemeanor); Three Counts of GRAFFITI (As a Misdemeanor); and CRIMINAL TRESPASS (As a Petty Misdemeanor). *See* Indictment (July 29, 2024). Although there is no evidence of serious bodily harm to the victims, the alleged offenses involve damage to three motor vehicles, theft of more than five hundred dollars ($500.00) worth of property, and property damage to three separate school locations. *Id.*[3]

While it is unclear whether the events occurred in a premeditated manner, her involvement can be deemed aggressive based on some of the damage reported: slashed tires and shattered windows and windshields. Further, the amount of imprisonment she faces for her felony and misdemeanor charges lends support to the seriousness of the offenses mentioned above. Based on the circumstances, this factor weighs against her transfer to Family Court.

**(4) Advantages of the Juvenile Justice System[4]**

As to the fourth factor, the court must look at the advantages of treatment facilities or programs that are particularly available in the juvenile system. *See* 19 GCA § 5106(d)(4). Unlike a facility like the Department of Corrections, the Defendant argued that the juvenile justice system provides a more scholastic and rehabilitative environment for juveniles to benefit from. *See* Mot. De-Certification at 4. Further, the Defendant believes that the juvenile court can also order her

---

[3] The court notes that defense counsel indicated that "[t]he victim apparently dropped the phone, it was not physically removed from him and he did not suffer any physical harm." Mot. De-Certification at 4. Despite neither party addressing this factual discrepancy, the court's record shows no indication of a phone being part of the property allegedly damaged in this case. Several motor vehicles and classrooms were the subjects of the damage allegedly committed by the Defendant.

[4] In this section, the court uses the phrases "Family Court," "juvenile justice system," and "juvenile court" interchangeably.

participation in counseling services through providers like "Guam Behavioral Health and Wellness Center ("GBHWC") and Client Services and Family Counseling ("CSFC"). *Id.* at 5.

At the hearing, the Defendant informed the court that the charged offenses in this case are the types commonly brought before the Family Court. *See* Mot. Hr'g Mins. at 10:19:51 – 20:01AM. For instance, the Defendant stated that she can benefit from the Family Court's ability to give her structure, a treatment plan, and other probationary requirements necessary to keep her out of trouble. *Id.* at 10:21:40 – 22:01AM. Because of this, the Defendant argued that the Family Court is better-suited to determine an appropriate resolution for the Defendant. *Id.* at 10:20:52 – 21:04AM.

Without providing more information, the People concluded that "[t]he Defendant's conduct is deserving of adult treatment." Ppl.'s Opp'n at 3. Therefore, the court finds that this factor weighs in favor of her transfer to Family Court.

### (5) Security of the Public

This factor asks whether the Defendant should be sentenced for the sake of the public's security. The Defendant noted that there was no evidence of bodily injury, use of illegal drugs, or presence of deadly weapons in this case. However, the Defendant faces prison time for allegedly committing offenses involving five public establishments. Because of this, the offenses that the Defendant is alleged to have committed involve the public at large.

As mentioned previously, the People argued that the multiple incidents in this case prove that the Defendant is already engaged in recidivist conduct, which deserves adult treatment. *See* Ppl.'s Opp'n at 3. Despite this, the court notes that increased monitoring for the public's security is unnecessary at this time as she continues to abide by her court-ordered release conditions; specifically, house arrest, staying away from felons and her co-defendant, and the travel

prohibition without prior court approval. Therefore, this factor weighs in favor of her transfer to Family Court.

**(6) Minor's History of Services and Willingness to Participate in Services**

This factor asks the court to look at the Defendant's history of services. Even if there is no record of services, this factor also asks the court to look at whether the Defendant is willing to "meaningfully participate in available services." 19 GCA § 5106(d)(6).

In this case, there is no record of the Defendant's history of services since this is her first criminal case. Despite no record of services, the Defendant asks this court to give her the benefit of the doubt if there is no reason to believe that she is unwilling or unreceptive to participate in services. *See* Mot. De-Certification at 5. Although the People made no statement regarding her willingness to participate in Family Court services, 19 GCA § 5106(d)(6) allows the court to look at her willingness to participate in services through the Family Court absent any history of services. *See* Ppl.'s Opp'n at 3. Since her release from the Department of Youth Affairs, the Defendant has complied with all conditions of her pre-trial release since the court imposed them.

Based on her compliance with probation and no evidence to the contrary, this factor weighs in favor of her transfer to Family Court.

**(7) Reasonable Likelihood of Rehabilitation**

This factor would weigh in favor of the Defendant's transfer to Family Court if there is a reasonable likelihood that she can be rehabilitated before the juvenile court's jurisdiction expires. *See* 19 GCA § 5106(d)(7). Without more, the Defendant concluded that "there is a reasonable likelihood that Minor ARCEO can be rehabilitated before the juvenile court loses jurisdiction over [her]." Mot. De-Certification at 5. In contrast, the People conclude that they "are skeptical that there is a reasonable likelihood that the minor can be rehabilitated before the expiration of the

family court's jurisdiction, should it be transferred to family court, because the Defendant will turn eighteen (18) years old in January 2026." Ppl.'s Opp'n at 3. At the same time, the People also argue that the Defendant should not be "rendered capable of rehabilitation simply because of her age." *Id.*

While the People use her approach towards the age of eighteen (18) in less than a year as one basis for her unlikely rehabilitation, the court does agree that it cannot simply focus on age in determining the Defendant's reasonable likelihood of rehabilitation. As mentioned earlier, the Defendant is currently seventeen (17) years old. If the court were to grant the Defendant's transfer to Family Court, Family Court could have jurisdiction until her eighteenth birthday on January 8, 2026.

Although the parties provide nothing more but conclusory statements on the Defendant's reasonable likelihood of rehabilitation under Family Court jurisdiction, the court looks to her behavior in this criminal matter without further evidence in support of or against decertification. Since her Indictment was filed on July 29, 2024, the Defendant has been present at all court hearings, consistently reported three (3) times by phone as ordered, and has not violated any conditions of her pre-trial release. Should the Defendant be transferred to the Family Court, the court is satisfied that her behavior on pre-trial release over the past year positively reflects a high likelihood of rehabilitation through Family Court's services. Therefore, this factor weighs in favor of her transfer to Family Court.

**(8) Adequacy of the Punishment**

The last factor looks at how adequate the punishment or services would be for the Defendant. If convicted as a first offender, the Defendant faces up to eight (8) years of imprisonment for each count of the highest charge of BURGLARY (As a 2nd Degree Felony).

However, she could also face an additional sentence of up to three (3) years for each of her third-degree felony offenses, one (1) year for each misdemeanor offense, and sixty (60) days for her petty misdemeanor offense.[5]

In its previous Decisions & Orders, the court reasoned that punishment at the Department of Corrections was inadvisable for a defendant who had a less active participation in the alleged offenses. Although none of the victims in this case were physically injured, the property damage and thefts that the Defendant allegedly committed extend across four different schools, two separate individual victims, and one public entity. Although no deadly weapon was used on a human being, unnamed objects were used to shatter windows and windshields and slash tires.

Looking at the offenses' severity, the multiple counts for the offenses, and the Defendant's involvement in each charge, supervision at the Department of Corrections appears adequate and advisable for the Defendant. Therefore, this factor weighs against transfer to Family Court.

After analyzing all factors under 19 GCA § 5106(d), the court found only six out of eight factors weighed in favor of the Defendant's transfer to Family Court. Therefore, the court finds, based on clear and convincing evidence, that the best interests of Defendant Jogena Arceo would be amenable to the care, treatment, and training programs available through the juvenile court system.

\\

\\

\\

\\

---

[5] The court notes that defense counsel indicated that "[f]ive years for an offense committed by a 17-year-old child with three records of delinquency is not an overly lenient punishment." Mot. De-Certification at 6. Despite neither party addressing this factual discrepancy, the court's record again shows that the Defendant was sixteen (16) years old at the time of the alleged offenses with *no* history of delinquency.

## CONCLUSION

For the reasons set forth above, the court hereby **GRANTS** the Defendant's Motion for De-Certification and Transfer to Family Court.

A Further Proceedings is scheduled before this court on June 20, 2025, at 2:00PM.

**SO ORDERED** this _____ JUN 1 3 2025 _____.



**HONORABLE ALBERTO E. TOLENTINO**
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
_AG_ _APD_

Date: JUN 1 3 2025  Time: 4:59pm
Evan L. Topasna
Deputy Clerk, Superior Court of Guam